**SO ORDERED.**

**SIGNED July 27, 2005.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

```
             UNITED STATES BANKRUPTCY COURT
              WESTERN DISTRICT OF LOUISIANA

IN RE:

MERLIN DARTEZ and
HELEN DARTEZ,                          CASE NO. 03-50988

     Debtors                           CHAPTER 13
-----------------------------------------------------------------
MERLIN DARTEZ and
HELEN DARTEZ

     Plaintiffs

Versus                                 ADV. NO. 04-5010

JEFFERSON PILOT FINANCIAL, INC.,

     Defendant
-----------------------------------------------------------------
                     REASONS FOR DECISION
-----------------------------------------------------------------
```

Merlin & Helen Dartez ("Debtors") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on May 8, 2003. The Debtors filed this Complaint against Jefferson Pilot Financial, Inc. ("Jefferson Pilot") asserting a claim under the Employment

Retirement Income Securities Act ("ERISA"). Jefferson Pilot has filed a Motion for Summary Judgment. A hearing on the matter was held on February 1, 2005. After hearing argument from counsel, the matter was taken under advisement.

**JURISDICTION**

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

**FACTUAL BACKGROUND**

Merlin Dartez was employed by Odyssea Marine, Inc. As an employee benefit, Mr. Dartez was afforded certain protections of two insurance policies issued to Odyssea which were underwritten by Jefferson Pilot. One of the policies provided weekly short-term disability benefits while the other provided monthly long-term disability benefits. The short-term plan had a maximum benefit period of 13 weeks; benefits under the long-term plan would not be available until a claimant was disabled for 90 days (13 weeks).

Mr. Dartez sustained injuries in November 2002 after he fell off the roof of his home. Mr. Dartez was originally diagnosed with shoulder, neck and back sprain/strain. A later MRI of the shoulder revealed tendinosis or a partial tear in the right shoulder and mild AC joint arthrosis.

He subsequently received benefits under the short-term policy from November 25, 2002, until February 13, 2003. Since that time, however, Jefferson Pilot denied the claims submitted by Mr. Dartez on the basis that he does not meet the policy's definition of total disability.

The Debtors assert that the denial of benefits was arbitrary and capricious. Jefferson Pilot asserts that Mr. Dartez was denied further benefits because he failed to submit sufficient proof to establish that he was prevented from performing the main duties of his regular occupation after February 13, 2003. Mr. Dartez appealed Jefferson Pilot's denial of his claim; that appeal is considered at a different level from the initial determination.

On appeal, Jefferson Pilot upheld the original denial of benefits. Mr. Dartez again appealed, this time to another level within the Jefferson Pilot hierarchy. On June 23, 2003, Jefferson Pilot again upheld the denial of benefits.

As part of the administrative procedure, Jefferson Pilot reviewed records submitted by Mr. Dartez and also conducted medical

Page 3

04-05010 - #35  File 07/27/05  Enter 07/27/05 16:40:14  Main Document  Pg 3 of 8

reviews. The first medical review, performed by Rita Person, RN CCM, was performed on January 9, 2003. She concluded that Mr. Dartez's medical condition prevented him from performing his occupation for 6 weeks from the date of his injury. Following a second medical review, Ms. Person recommended that the period of disability be extended to February 13, 2003. A third medical review was performed on March 27, 2003. Ms. Person concluded at that time that the documentation did not support a continued inability of the claimant to perform his occupation. Basically, Ms. Person concluded that Mr. Dartez could take anti-inflammatory medications and injections and be able to work. After reviewing the medical documentation and reports from Ms. Person, Jefferson Pilot denied all benefits after February 13, 2003.

Jefferson Pilot sent a letter dated April 1, 2003, to the Debtors explaining that Mr. Dartez did not meet the definition of total disability under the policy and further indicating that in order to seek reconsideration, additional proof of disability should be submitted.

On April 15, 2003, the Debtors requested an appeal of the initial denial and submitted a letter from Dr. Roland Miller to Dr. Ronald Menard discussing Mr. Dartez's condition. Based upon a review of all of the original documentation as well as the letter, Jefferson Pilot upheld its original denial.

Mr. Dartez then requested his second and final appeal. At that time, he submitted additional documentation as well as the original documentation. In response, Jefferson Pilot conducted a new medical review, performed on May 21, 2003, by K Rath-Fischer RN, CCM. Based primarily upon a lack of additional diagnostic testing, Ms. Rath-Fischer concluded that there was a lack of sufficient evidence to support a claim of total disability. Based upon a review of all of the medical reviews and documentation, Jefferson Pilot upheld the original denial of benefits.

**SUMMARY JUDGMENT STANDARD**

Rule 56(c), Fed. R. Civ. P.[1], requires summary judgment to "be rendered forthwith if . . . there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A summary judgment can be granted if the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ibid.; Hale v. Townley, 45 F.3d 914, 917 (5th Cir. 1995). "Under Fed. R. Civ. P. 56 (c), the moving party bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." In

---

[1] Rule 56, Fed. R. Civ. P., applies in adversary proceedings. Rule 7056, Fed. R. Bank. P.

re Browning-Ferris Industries, Inc. Securities Litigation, 876 F. Supp. 870, 877 (S.D. Tex. 1995), citing Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587, 106 S. Ct. 1348, 1355-56, 89 L. Ed. 2d 538 (1986); Leonard v. Dixie Well Service & Supply, Inc., 828 F.2d 291, 294 (5th Cir. 1987).

The party moving for summary judgment bears the burden of establishing by affidavit or other evidence that there is no genuine dispute as to any material fact necessary to the resolution of the case before the Court and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555 (1986). However, "[s]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

## LAW AND ANALYSIS

In determining whether the decision of a plan administrator of an ERISA qualified plan should be upheld, a court must review the decision for an abuse of discretion.[2] The Fifth Circuit has stated that a reviewing court—

> should evaluate the administrator's fact findings regarding the eligibility of a claimant based upon the

---

[2] Southern Farm Bureau Life Ins. Co. v. Moore, 993 F.2d 98 (5th Cir. 1993); Pierre v. Connecticut Gen. Life Ins. Co./Life Ins. Co. of N. Am., 932 F.2d 1552 (5th Cir. 1991); Schadler v. Anthem Life Insurance Co., et al., 147 F.3d 388 (5th Cir. 1998).

> evidence before the administrator, assuming both parties were given the opportunity to present facts to the administrator.

Southern Farm Bureau, 993 F.2d at 102. Under an abuse of discretion standard of review, a plan administrator's denial of benefits will be subject to reversal only if it is arbitrary and capricious.[3]

In the instant case the plan administrator initially determined that Mr. Dartez met the short term disability plan's definition of totally disabled, based primarily on the MRI right shoulder report. The MRI of the shoulder objectively found that there was tendinitis or a partial tear of the rotator cuff. According to the medical reports, the standard time for disability for such an injury is six weeks. Jefferson Pilot paid benefits for eleven and one-half weeks.

Mr. Dartez thereafter submitted the opinion of Dr. Miller that he was still disabled; Mr. Dartez, however, did not present any further objective evidence, such as other test results. The initial denial letter sent by Jefferson Pilot clearly stated that the decision was based upon a lack of objective medical documentation. Despite repeated denials by Jefferson Pilot based upon a failure to submit objective medical documentation to support

---

[3] Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc., 168 F.3d 211, 215 (5th Cir. 1999)

04-05010 - #35 File 07/27/05 Enter 07/27/05 16:40:14 Main Document Pg 7 of 8

the claim of total disability, Mr. Dartez continued to submit only the letter from Dr. Miller as support.

In each decision reached by Jefferson Pilot on Mr. Dartez's appeals, findings were made to justify the decision. In considering this matter, the court sits as an appellate tribunal. The issue is not whether this court would have decided the case differently; the issue is whether there was evidence (or lack thereof) in the record to support the decision appealed from. Stated differently, was the decision of Jefferson Pilot manifestly erroneous or an abuse of discretion?

This court cannot find that Jefferson Pilot's denial of benefits was either. Its decisions were based upon a review of all medical records submitted by Mr. Dartez. He was given ample opportunity to supplement Dr. Miller's subjective opinion with objective evidence, i.e., diagnostic tests. He did not avail himself of this opportunity.

For the foregoing reasons, the Motion for Summary Judgment filed by Jefferson Pilot is **GRANTED** and judgment is to be entered dismissing the Complaint with prejudice. A separate order in conformity with the foregoing reasons has this day been entered into the record of this proceeding.

###

Page 8

04-05010 - #35   File 07/27/05   Enter 07/27/05 16:40:14   Main Document   Pg 8 of 8